F. C. GROSS & BROTHERS COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 3—July 8, 1918.*

*Workmen's compensation: Who are employees: "Casual employment:"*
*"Usual course of the business:" Cleaning up after special repair*
*work.*

Where one was employed to assist in cleaning up certain parts of a packing plant, although this was not a part of the regular cleaning-up work necessary in the usual conduct of the industry, but was necessitated by special and unusual repair work which had just been completed, his employment was neither "casual" nor without the "usual course of the . . . business" of his employer, within the meaning of sub. (2), sec. 2394—7, Stats. 1915.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment confirming an award of the *Industrial Commission* in favor of *Albertine Loferski.*

The *Industrial Commission* awarded compensation to the respondent *Albertine Loferski* on account of the death of her husband, Peter Loferski, as against the appellant *F. C. Gross & Brothers Company* as employer and *Wisconsin Employers Exchange* as insurer.

The appellant employer conducted a packing industry in Milwaukee. During the process of the work a certain fertilizer accumulated from time to time so that every four or five weeks it was necessary to load it on a car and remove it from the plant. This work was performed at times by their regular employees and at times by men engaged for such occasions. The deceased was not regularly employed by the appellant but had at times been called in to assist in such loading of the fertilizer. At other times he did odd jobs for other employees, but pursued no regular employment.

At the time in question here he was set to work on Monday morning in so loading the fertilizer and continued at such until Wednesday night. After this work was finished he requested employment for the balance of the week and was then engaged to assist in cleaning up and picking up odds and ends around and in certain buildings and portions of the yard of the employer consequent upon their having built a new ice box and taken out some partitions in one of their buildings. This cleaning up had been going on but a few days at the time and was not a part of the regular cleaning-up work necessary in the usual conduct of the industry.

While so engaged and early on the next day he received an injury by the breaking of a bone of his foot. He was removed to a hospital and died within three days thereafter. It appeared that his death was the result of this injury and also of delirium tremens.

Upon the review of these proceedings before the circuit court for Dane county the award of the *Commission* was affirmed, and from the judgment thereon this appeal was taken.

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Albertine Loferski* there was a supplemental brief by *Joseph G. Hirschberg,* attorney, and *Horace B. Walmsley,* of counsel, both of Milwaukee, and oral argument by *Mr. Hirschberg.*

The following opinion was filed May 21, 1918:

ESCHWEILER, J. The appellants contend that the employment of the deceased was casual and also not in the usual course of the trade, business, profession, or occupation of the employer. These questions involve consideration of the same provisions of the statute, sub. (2), sec. 2394—7, involved in *Holmen C. Asso. v. Industrial Comm., ante,* p. 470, 167 N. W. 808, and the construction there placed upon the provisions of this statute must control in this case and necessitates affirmance of the rulings of the circuit court and of the *Industrial Commission* and a confirming of the award.

His injury occurred, not under the contract of employment by which he was working at loading the car with fertilizer on the Monday, Tuesday, and Wednesday preceding the accident, but under the contract of employment made at the completion of that work on Wednesday, by which new contract he was to assist in doing the cleaning up necessitated by the special repair work which had just been finished.

Although it may not have been strictly accurate to speak of the work the deceased was doing at the time of his injury, as was said in the court below, that it was in the nature of janitor service or as a part of the continual cleaning-up process going on in that industry all the time, still it was repair work.

Repairs about an industrial plant, whether such repairs are what might be called usual and to be anticipated, or are

of such a nature that they may occur but once in a long industrial life, are none the less repairs, and work on such repairs, either general or special, is neither casual nor without the usual course of the business of the employer as we now construe those terms in this statute.

*By the Court.*—The judgment of the circuit court is affirmed.

OWEN, J., took no part.

A motion for a rehearing was denied, without costs, on July 8, 1918.