R. D. Meader, for plaintiff in error.

Krauss & Strong, contra.

---

13819.   TRAVELERS INSURANCE CO. v. BACON et al.

STEPHENS, J.   1. The evidence authorized the inference that the person for whose death compensation was sought by a beneficiary under the Georgia workmen's compensation act was an employee entitled to compensation, and a finding to that effect by the industrial commission is conclusive as to the fact and will not be set aside.

2. Assuming that the contract of employment, under which the duties of the employee were to proceed with the master's boat into navigable waters and there operate the same and "fish for prawn . . . and shrimp" around the bars, and always in sight of land, for a compensation to be determinable by the size of the catch, and return to shore and deliver the fish by truck at a designated place where they are afterwards, by others, prepared for market, and also while on land, taking care of the nets and looking after the boats and tackle, was a maritime contract; and also assuming that the death of the employee, who was drowned after jumping from the boat for the purpose of extinguishing flames upon his clothing which had been ignited by an explosion on the boat, which was at the time in a body of water designated as a "creek," and upon which boat the deceased was employed to fish for prawn around the bars and in inland waterways, never out of sight of land, constituted a maritime tort, it does not appear that the general employment contracted for, nor the work performed by the employee, had any direct relation to navigation or maritime commerce, but was a purely local matter, and, as was held in Grant Smith-Porter Ship Co. v. Rhode, 257 U. S. 469, "under such circumstances regulation of the rights, obligations, and consequent liabilities of the parties, as between themselves, by a local rule, would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate

relations;" citing and distinguishing Southern P. Co. v. Jenson, 244 U. S. 205 (37 Sup. Ct. 524, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900), and Knockerbocker Ice Co. v. Stewart, 253 U. S. 149 (40 Sup. Ct. 438). See State Industrial Commission v. Nordenholt Corporation, 259 U. S. 263 (42 Sup. Ct. 473), explaining and following Grant Smith-Porter Ship Co. v. Rhode, supra.

3. The employer and the employee, "having both accepted and proceeded under a State workmen's compensation statute, . . can not be said to have contracted consciously with each other in contemplation of the general system of admiralty law governing their rights, obligations, and consequent liabilities in case the employee should be accidentally injured while engaged in the work" of fishing on inland waters around sand-bars in sight of land. Grant Smith-Porter Ship Co. v. Rhode, supra. See, in this connection, Berry v. Donovan, 120 Me. 457 (115 Atl. 250).

4. Under the above rulings the Georgia Industrial Commission did not err in awarding judgment against the insurer of the employer, and the superior court did not err in sustaining this award.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED SEPTEMBER 21, 1923.

Appeal; from Glynn superior court — Judge Highsmith. June 16, 1922.

Sanders McDaniel, E. A. Neely, for plaintiff in error.
Krauss & Strong, contra.