18945. MARYLAND CASUALTY COMPANY et al. v. GRANT.

STEPHENS, J. 1. Where a corporation engaged in the business of canning sea-food and owning fishing boats pursued the policy of equipping the boats with fishing nets, ice, gas, and oil, and turning the boats over to persons called "captains," and where the captains, under contract with that corporation, went out on fishing expeditions in navigable waters near the shore, each with the assistance of another person called a helper, employed and paid by the captain, and caught shrimp and prawn which were brought back in the boat to the plant of the canning company and were there delivered to the employees of the company, and where the company retained a third of the catch as payment by the captains for the use of the boats, and paid them in money for the other two thirds of the catch at the market value at the time of bringing it in, and paid a part of the cost of the gas and oil furnished to each captain for the operation of his boat, and where, when a boat was not in use, it was required to be kept at the dock of the canning company, and the captain was required to look after the rigging and the lights, and the captain could sell the catch only to the canning company, and was not required at any particular time to take the boat out upon a fishing expedition, but the canning company could refuse to let a boat go out, that the boats would come back when the canning company directed, that the canning company had the right to terminate a contract so made and discharge the captain at any time, the inference is authorized that the canning company controlled the time and the manner of the execution of the work of the captains, and that a captain in operating a boat pursuant to the contract was not an independent contractor, but the relationship existing between the canning company and the captain was that of employer and employee. See, in this connection, *Souter* v. *Cravy*, 29 *Ga. App.* 557 (116 S. E. 231); *Travelers Insurance Co.* v. *Bacon*, 30 *Ga. App.* 728 (119 S. E. 458); *Howard* v. *Franklin*, 32 *Ga. App.* 737 (124 S. E. 554); *Zurich General Accident & Liability Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173); *Irving* v. *Home Accident Insurance Co.*, 36 *Ga. App.* 551 (137 S. E. 105).

2. Although a part of the contract was to be performed in navigable waters, an injury received by the employee while out on a fishing expedition in navigable waters, where the injury arose out of and in the course of the employment, is compensable under the workmen's compensation act. *Travelers Insurance Co.* v. *Bacon*, supra.

3. This being a suit by the wife of the employee against the canning company, to recover compensation for the death of the employee resulting from an injury arising out of and in the course of his employment as captain of one of the defendant's boats, and there being evidence to authorize the inference that under the contract between the husband and the defendant the husband was an employee, and that the death was compensable under the workmen's compensation act, and there being evidence to authorize the inference that the death of the employee resulted from an injury arising out of and in the course of the employment, and no error appearing, the judge of the superior court did not err in

affirming the award made to the plaintiff by the industrial commission.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1929.

*J. T. Colson,* for plaintiffs in error. *J. T. Powell, Levi O'Steen,* contra.