**ETHEL PETERSON v. HIGHLAND CRATE COOPERATIVE, a corporation, THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation, and FLORIDA INDUSTRIAL COMMISSION.**

23 So. (2nd) 716            June Term, 1945
November 13, 1945            Division A

*Clyde R. Brown* and *James N. Daniel,* for appellant.

*Yonge, Beggs & Lane,* for appellees.

BUFORD, J.:

This case arises under the Florida Workmen's Compensation Act. Highland Crate Cooperative is a Florida corporation engaged in the cutting of material and manufacturing crates for citrus grower members. Claimant's decedent husband was engaged in the business of cutting and hauling logs and made three contracts with the corporation. In the first contract he agreed to cut the logs from what was known as the McCrary tract, another tract which was known as the Asbell tract and a third tract known as the Heading Mill tract. Decedent Peterson by oral contract with the corporation's logging superintendent, acting as agent for and in behalf of the corporation, agreed to cut and load on trucks in the woods the logs on the McCrary tract for $25.00 per thousand feet. Peterson furnished his own tools and employed and paid his help. He had the sole right to hire and fire any and all of his helpers. He made a like contract with

the corporation to log the Heading Mill tract at $21.00 per thousand feet and later agreed to log the Asbell tract at $20.00 per thousand feet. He rented a skidder from the corporation to use in this operation for which he was to pay $1.00 per thousand feet of logs handled by the skidder and in each instance the rentals were to be deducted from his contract price for cutting and loading the logs. He first started to work on the McCrary tract but before he finished the contract on the land it became so wet from excessive rain that he, with the consent of the corporation, moved over into one of the other tracts which was not so wet. Peterson furnished his own equipment except the skidder which he rented from the corporation; he furnished his own gasoline and oil and paid his helpers whom he controlled without let or hindrance from the corporation.

While engaged in performing this work, and it appears that while he was loading logs in the woods on the corporation's trucks to be hauled to the mill, a log was dropped on him and caused his death. His widow made claim for Workmen's Compensation benefits and, after hearing, the deputy commissioner made an award to her. The corporation and the carrier appealed to the Florida Industrial Commission and the Commission, by a majority of two to one, sustained the award of the deputy commissioner.

The Chairman of the Commission dissented upon the ground that the award should not be allowed because the deceased was not an employee but was an independent contractor. The corporation and carrier then appealed to the Circuit Court and the Circuit Court reversed the award, holding that Peterson was an independent contractor and not an employee within the meaning of the Workmen's Compensation Act.

In Magarian v. Southern Fruit Distributors, et al., 1 Sou. (2nd) 858, we quoted with approval certain definitions from Restatement of the Law, Agency, Sec. 220. See 146 Fla. 773, 1 Sou (2nd) 858. With the definitions there given before us we are brought to the conclusion that the deceased was an independent contractor and not an employee within the purview of the Workmen's Compensation Act.

For Peterson to comply with his agreement it was not necessary for him to actually perform any manual labor. He could have had all of it performed by servants selected, employed and paid by himself. The corporation had no control over him in this regard. The only control (which appears by implication) that the corporation might have had was to terminate his contract if his cuttng and delivery of the logs to the corporation's trucks in the woods was not done in a satisfactory, workmanlike manner. But there is not shown to have been any oral reservation in the agreement of even this control. There is an implied obligation on everyone who undertakes to perform a contract that it will be performed in a good, workmanlike manner. The deceased was engaged in the business of logging and carried on more than one such contract with different parties at the same time. There was no time limit set on either of the contracts. Payment under the agreement was made on the basis of the number of thousand feet of logs cut and loaded and in nowise on any time basis. We think that these factual conditions differentiate this case from the case of Sears Roebuck & Co. v. Pixler, 140 Fla. 677, 192 Sou. 617. In that case Pixler agreed to do some painting for Sears Roebuck & Co. but he was at all times under the direction and supervision of the Manager of the Sears Roebuck store where he was painting. He did not even have a step-ladder, nor material to cover the stock in the store to protect it from falling paint. These things were furnished by the store.

The case of Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 Sou. 608, is factually more like the instant case and there the Supreme Court of Alabama sustained the judgment of the lower Court, holding the relation of the parties to have been that of employer and employee. We draw the conclusion, from the wording of the opinion, that if the lower court had held to the contrary such holding would have been upheld by the Appellate Court.

In Magarian v. Southern Fruit Distributors et al., supra, we quoted, with approval, from 27 Am. Juris. page 485, Sec. 5, inter alia, as follows:

"It has been held that the rest of what constitutes in-

dependent service lies in the control exercised, the decisive question being as to who has the right to direct what shall be done, and when and how it shall be done. It has also been held that commonly recognized tests of the independent contractor relationship, although not necessarily concurrent or each in itself controlling, are the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price, the independent nature of his business or his distinct calling, his employment of assistants with the right to supervise their activities, his obligation to furnish necessary tools, supplies and materials, his right to control the progress of the work except as to final results, the time for which the workman is employed, the method of payment, whether by time or by job, and whether the work is part of the regular business of the employer."

The judgment of the Circuit Court is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.