Proceeding under the Workmen's Compensation Act by Charles Alcorn, claimant, opposed by Baya's Bar Grill, employer, and Iowa Mutual Liability Insurance Company, insurance carrier. From a judgment of the circuit court affirming an award of the Florida Industrial Commission granting compensation, the employer and insurance carrier appeal.
Judgment reversed.
There were but two witnesses before the deputy commissioner, the doctor who examined and treated the complainant, and the complainant himself. It is from the latter alone, then, that we learn of the occurrence which gave rise to this controversy.
One Charles Baya operated a restaurant and advertised his business with a neon sign. Came a hurricane, and the sign was removed to a place of safety. When the sign was reinstalled Charles Alcorn was engaged to connect it by wire to the electrical outlets in the building. In performing the task he used his own car, his own tools and supplies, and climbed to the top of the building on his own ladder. While he was perched there tugging on the wire which had become fouled, he lost his balance and jumped to the ground with such force that his right ankle was fractured.
Evidently Alcorn had worked for Baya on many occasions before, but not regularly, as he described his work as "miscellaneous," "handywork," and "handy man's work," such as digging holes to bury cans, repairing screens, washing windows, installing water pipes, and he had served many other employers in various capacities within the course of a few months preceding the accident.
No compensation had been agreed upon for the wiring of the sign, but it may be fairly said that there was an implied agreement to pay him a certain amount per hour, as, from former association between them, Alcorn knew that Baya "would square up with" him for material and labor.
The claimant testified that the job would have required only an hour and a half and that he had actually worked forty-five minutes when he was hurt, also that Baya expected him to wire the sign in any way he thought best as long as the result, when the work was completed, was satisfactory. He stated positively that there was no supervision of his work by anyone.
The question is whether Alcorn was an employee or an independent contractor. The deputy commissioner decided that he fell into the latter category; the full commission reversed the order, planting its *Page 469 
judgment squarely on the case of Sears, Roebuck Co. v. Pixler,140 Fla. 677, 192 So. 617; and the circuit judge affirmed the decision of the commission.
Of course independent contractors are excluded from the operation of the Workmen's Compensation Law. Section 440.02(2), Florida Statutes 1941, and F.S.A. In the case of Gulf Refining Company v. Wilkinson, 94 Fla. 664, 114 So. 503, text 505, it was stated that the right of control as to the manner of doing work was the principal test in determining whether one engaged was an independent contractor or a servant and that another "test is whether the employee represents his employer as to the result of the work only, or as to the means as well as the result." So, if an employee is subject to the control or direction of the owner only as to the result, he is an independent contractor, but if controlled by the employer as to the means used, he is not. That case was decided in 1927, before the adoption of the Workmen's Compensation Law, but in Gentile Bros. Co. v. Florida Industrial Commission, 151 Fla. 857, 10 So.2d 568, 570, we recognized the same definition when we said that an independent contractor was one who pursued an individual employment or occupation and represented "his employer as to the results of his work but not as to the means by which the results [were] accomplished."
This is the rule we should follow in judging the facts in this case and in deciding whether they stamped Alcorn as an employee or an independent contractor.
The opinion in Sears, Roebuck Co. v. Pixler, supra, does not govern the instant case because the facts there and here do not coincide in material details. In the other case the employer not only controlled the premises while the work was in progress, but gave the claimant instructions as to how it should be done. The ladder from which the claimant fell and the materials he used were furnished by the employer. That the question whether the person serving Sears, Roebuck and Company was an independent contractor or an employee was close is indicated by the fact that the opinion was decided by a vote of three to two, five members of the court participating.
From a careful study of the circumstances in the present case and their comparison with the facts in the cited case we are impelled to the view that the latter does not control and that the former was properly decided by the deputy commissioner in the first instance.
Were we to hold that the claimant here was an employee we apprehend that we would run headlong into two other provisions of Section 440.02 of the Workmen's Compensation Law appearing in subsections 2 and 3, one excluding persons whose employment is casual and not in the course of business or occupation of the employer, and the other defining "casual" as employment where the work contemplated is to be completed within ten days and to cost less than $100. We shall not, however, supply any obiter dictum by pursuing this thought further.
From what we have written it follows that the judgment of the circuit court affirming the order of the full commission is
Reversed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur. *Page 470