Beverly CARSS, Appellant,

v.

OUTBOARD MARINE CORPORATION, Appellee.

No. 16692.

United States Court of Appeals
Fifth Circuit.

March 4, 1958.

George H. Salley, Miami, Fla., Salley & Roman, Miami, Fla., on the brief, for appellant.

T. J. Blackwell, S. J. Powers, Jr., Miami, Fla., Blackwell, Walker & Gray, Miami, Fla., on the brief, for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

Three times the plaintiff filed an amended complaint. Each time the Court dismissed it, the last time without leave to amend. The basis is obscure since no opinion was filed, and the motion contained seven grounds running the gamut from the traditional assertion of failure

to state a claim, an assertion that the complaint showed affirmatively that the plaintiff was an employee of the defendant and subject to the Workmen's Compensation Act of Florida, F.S.A. § 440.01 et seq., that it insufficiently alleged the relationship of the parties, did not show a breach of any existing duty, and, finally, having filed a complaint, an amendment to the complaint, an amended complaint, a second amended complaint and a third amended complaint, enough was enough and no further amendments should be available. As the only possible basis for a final judgment of dismissal is that the complaint did not state a claim upon which relief could be granted, F.R.C.P. 12, 28 U.S.C.A., the parties have treated it here as though this was what the Court did.

As such, it is another of that growing list of cases in which busy Courts with congested calendars make haste too fast only to find a year and a reversal later that seldom may a civil action now be terminated decisively on the pleadings.[1] This is all the more surprising since the applicable standard is set forth with remarkable frequency in the plainest of simple terms. Our pronouncements stem from the underlying approach that, "Under Rules of Civil Procedure a case consists not in the pleadings, but the evidence, for which the pleadings furnish the basis. The cases are generally to be tried on the proofs rather than the pleadings." Des Isles v. Evans, 5 Cir., 200 F.2d 614, 616; De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380; Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. The rule is then compressed in tangible terms into simple straightforward language of unmistakable directness and meaning. "The Complaint should not be dismissed on motion unless, upon any theory, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts

that could be proved in support of his claim." Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615, 616; Millet v. Godchaux Sugars, supra.

While the pleadings here are prolix and complex and not a little responsibility for the Court's error must be borne by the unsuccessful pleader, we are of the clear view that, read in the light of the controlling rules, the complaint does state a claim. To put it another way, the complaint need not inevitably be construed as defendant urged, and the District Court apparently concluded, as showing that the plaintiff was the employee of the defendant and not, as claimed by her, one standing in the relation of a third party.

The incident giving rise to the claim was certainly described sufficiently. The suit was to recover for injuries alleged to have been sustained by plaintiff on March 3, 1956, when, while posing as a professional model in a moving outboard-driven boat, she was thrown from the boat into the water under the boat while the motor continued to run. Likewise, the general purpose of the activity was adequately set forth. Pictures were to be taken for use in defendant's advertising campaign for its Evinrude outboard motors. At least some were to be taken with the boat "jumping" the wake of a preceding boat at high speed. The boat and motor were, of course, to be furnished by defendant.

The negligence, i. e., want of due care, was sufficiently set forth. On this, the complaint asserted that the operation of a boat was an activity defined as a hazardous occupation under Florida statutes so that defendant, as manufacturer of the outboard motor and the owner and supplier of the boat to be used in the picture-taking plan devised by it, was negligent in failing to warn plaintiff of the perils unknown to her, to inspect the motor to discover the defective throttle

---

1. See Millet v. Godchaux Sugars, 5 Cir., 241 F.2d 264, where, in note 1, at page 265, many of our cases are listed. Since that time more have been added: Dotschay for Use and Benefit of Alfonso v.
National Mut. Ins. Co. of District of Columbia, 5 Cir., 246 F.2d 221; Seaboard Finance Co. v. Martin, 5 Cir., 244 F.2d 329.

which jammed, to provide a competent, trained operator for the boat, and generally, to have allowed the boat to overturn while propelled at high speed.

The controversy then centers around the allegations of the *status* of the plaintiff. The defendant urged, and the Court presumably held, that she alleged that she was an employee of defendant. Certainly she did not do that expressly. On the contrary, the allegations [2] were at least broad enough to warrant the receipt of evidence to prove the assertion that a contract had been made with her to "perform professional modeling services." This contract was made by Miller, a professional photographer, who was *either* an independent contractor in his relation to defendant *or* was an agent, servant or employee of defendant.

From this, if the proof bears her out, she may be able to establish the requisite relationship of a third party in several ways. It may be, as she claims, that the nature of the work done, the artistic contribution unavoidably that of the individual, or other factors may give to a "professional model" the status of an independent contractor, not an employee, in relation to the company for which the work is to be done. Or, on more traditional lines, the taking, developing and production of the photographs was to be done by Miller acting as an independent contractor for defendant. If he were such an independent contractor, then it did not matter whether plaintiff was herself an "independent contractor" or

an employee of such contractor. In either case her status would be that of a third party so far as the defendant was concerned.

The defendant seeks to overcome the permissible alternative plea in paragraph 4, note 2, supra, that Miller was *either* an independent contractor or an employee of defendant by two arguments. First, that these words are followed by the allegation that Miller, as such independent contractor, was "working *with* the officers, agents, * * * or employees of the Defendant * * *." Second, that the allegations on what the defendant did or failed to do with respect to the boat and its operation demonstrated affirmatively that defendant was to, and did, have the exclusive direction and control which would make it an employer of Miller and plaintiff.

On the first, defendant reasons that if an independent contractor is working "with" the party who has made the contract, it shows such power of direction and control as to destroy the relationship and transmute it into an ordinary employer-employee situation. The answer to that is that in this difficult field whether the right of control does or does not exist is not, at this day and time, to be resolved inexorably and finally by a single preposition, the little word "with."

As to the second, whether the defendant retained the exclusive power of direction and control of the whole operation, whether its direction and control was confined to the physical furnishing

---

2. This was set forth in paragraphs 3 and 4 of the complaint:

"3. On or before March 1, 1956, the Plaintiff contracted with Ardean Miller, III, a professional photographer, to perform professional modeling services in and about Key Largo, Florida, for a period of three days for the purpose of being photographed with the products of the Evinrude Motors Division of the Defendant. The photographs made and intended to be made were used or intended to be used in the promotion or advertising of the said products of the Evinrude Motors Division of the Defendant;

"4. At all times material hereto, the said Ardean Miller, III, a professional photographer, was either an independent contractor of the Defendant working with the officers, agents, servants or employees of the Defendant, with its knowledge and consent; or as an officer, agent, servant or employee of the Defendant within the scope of his authority and was exercising dominion and control either severally or jointly with other independent contractors exercising nondelegable duties of the Defendant, or the officers, agents, servants or employees of the Defendant, within the scope of their authority, over the property of the Defendant, or subject to the control of the Defendant, as hereinafter mentioned;"

of the facilities and the operation of the boat with the art and photographic activities left to the exclusive direction and control of another, or whether, on either hypothesis or others equally likely, this created an employer-employee rather than an independent contractor-third party relationship, are all matters which may here be determined solely on the proof. The parties indicate no real disagreement on the applicable standard or that Florida apparently follows the universal rule of the right of direction and control. Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858; Peterson v. Highland Crate Co-op, 156 Fla. 539, 23 So.2d 716, 717. This is ordinarily a question of fact at least until such time as the Court, with the *facts* before it, determines as a matter of law that the relationship is one or the other. Pleadings as equivocal as these neither dispense with the necessity of proof of facts nor compel the conclusion that plaintiff was an employee.

The result is that the cause must be reversed and remanded for further and not inconsistent proceedings. We think it appropriate to point out, however, that from the standpoint of judicial administration, there is no basis for the misapprehension that the only alternative to denial of a motion to dismiss a complaint for failure to state a claim is a full-blown trial which, either half way through, or at the end, turns out to have been unnecessary. The rules contain a valuable tool whose fullest use has long been encouraged by us, Bruce Construction Corp. v. United States, 5 Cir., 242 F.2d 873, by which on motion for Summary Judgment, F.R.C.P. 56, the Court with the *facts*, not bare pleadings, can determine in advance of trial whether there is a genuine issue for ultimate decision of jury or judge.

Lest what we have said in analyzing the pleadings or in making illustrative references might be taken as an indication that we have determined in advance of the evidence that under any given state of proof we would ultimately hold one way or the other on any of these matters, we repeat the caveat in Millet v. Godchaux Sugars, supra [5 Cir., 241 F. 2d 267]: "Ruling, as we do, solely on the pleadings, we do not, of course, even intimate what the inner or outer reaches of liability are."

Reversed and remanded.