STURGIS, Chief Judge.
Blackman & Huckaby Enterprises, a partnership, and its insurance carrier, Central Surety and Insurance Corporation, seek certiorari to review two orders of the Florida Industrial Commission entered on the claim of H. I. Jones against the partnership and one Maynard W. Plummer for compensation under the Workmen’s Compensation Law, F.S.A. § 440.01 et seq.
The first order in question reversed an order of the Deputy Commissioner dismissing Jones’ claim against the partnership, but reserving jurisdiction as to the claim against Plummer. The Commission’s order held that both Jones and Plummer were employees of the partnership and remanded the cause to the Deputy Commissioner for appropriate proceedings.
Thereupon the Deputy Commissioner entered an order which inter alia reaffirmed her original finding and stated her conviction that Jones was an employee or joint venturer with Plummer, who was an independent contractor. Her order also reflects the fact that there was a conflict in the testimony on that score and that she resolved the question in favor of the partnership. After so stating, the Deputy Commissioner’s order proceeded, in accordance with the Mandate of the order of the Full Commission, to award compensation and benefits to claimant Jones.
The uncontested evidence is that the partnership entered into an agreement written on printed stationery of a roofing concern known as Tip Top Roofing & Siding and that after his injury the claimant received $25 from Plummer in a printed *668 envelope of that concern, which up to now appears to be the only money received by him in connection with the work. The roofing agreement, signed by Plummer, reads as follows:
“We the undersigned, agree to furnish all labor, mops, kettle, kerosene necessary to apply five ply roof, with marble chips on Motel located at 1st Stree (sic) and 18th Avenue North, Jacksonville Beach, Florida, for Mr. Blackburn and Mr. Huckaby, for the sum of $500.00 to be paid, when satisfactorily completed.”
The injury occurred on April 16, 1955. Although Plummer testified that he was not actively connected with a roofing company, an advertisement appearing in the April 1, 1955 issue of a local newspaper described him as manager of Tip Top Roofing Company located at No. 20 18th Avenue North, Jacksonville Beach, which is the same address shown on the printed stationery of Tip Top Roofing & Siding used in the above contract.
The testimony as to the compensation to be received by the claimant for his work is vague and contradictory. Jones testified that on this particular job he “assumed” that Plummer would pay him at the rate he was being paid by a person with whom he was employed immediately prior to the time Plummer engaged his services. Jones also testified that he had worked with Plum-mer intermittently for twenty years, and that where both of them were on the job when the work started they would come to an agreement regarding the compensation to be received by him. Plummer testified that his arrangement with Jones on the job in question was to split the profits with him. The following excerpt from Jones’ testimony appears to support Plummer’s version of the arrangement:
“Q. Did you have any discussion with Mr. Plummer concerning that $25, just what it was intended to cover and what rate you were being paid? A. No, sir, he said that when the job was finished that he would straighten up with me. In other words, he hadn’t drawed enough to pay off everything on the job, that he — that’s what he stated to me. In other words, he was to straighten up about the kettle. I figured $25 was the due pay that I had coming.”
“Q. And then it is your testimony that your contract of hire was with Mr. Plummer, is that correct? A. That my what?
“Q. Your contract of hire; that is, that Mr. Plummer was the man that hired you, is that right, rather than Turner or anyone else? A. Mr. Plum-mer is the one that I talked to about going to work, yes, sir.”
The effect of the Deputy Commissioner’s original findings and order, arrived at in the light of controverted facts, is that Plummer was an independent contractor and that claimant Jones was his employee, co-contractor or joint venturer, that the partnership did not supervise the progress of the work and looked only to Plummer for the final result, that there was no showing of control exercised or reserved by the partners, that the method of payment was by the job, that Plummer furnished his own tools and was engaged in the roofing business, and that the partnership was not so engaged.
The Deputy Commissioner’s original order took note of and fairly distinguished the facts in this case from those in Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617, by pointing out that in that case the defendant furnished part of the tools and reserved the right of supervision, factors that are absent in the case on review; further, that since the decision in that case our Supreme Court has supported the finding of an independent contractor relationship in cases where there is a much stronger showing of an employer-employee relationship, citing Rogers v. Barrett, Fla., 46 So.2d 490; Baya’s Bar & Grill v. Alcorn, Fla., 40 So.2d 468; Patton Seafood *669 Co. v. Glisson, Fla., 38 So.2d 839; and Gentile Bros. Co. v. Florida Industrial Commission, 151 Fla. 857, 10 So.2d 568. However, the Full Commission, one member dissenting, planted its order of reversal squarely on the cited case, while the dissenting member, with whose conclusions we agree, was of the opinion that the order of the deputy should have been sustained on the authority of United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.
The Commission’s order of reversal is replete with a reappraisal of the facts, and contains the following conclusions:
“It is the opinion of a majority of the Commission that the present case is substantially one where the defendant motel owners obtained labor on a piece work basis for the laying of a roof, the materials for which were practically all furnished by the owners. Such was the essential nature of the arrangement notwithstanding the parties arithmetically translated the piece work price into a lump sum figure. The furnishing of tools by workmen is not uncommon and, though one of the factors to be considered, is not necessarily determinative of the legal relationship between the parties.
“The defendants supervised the construction of their motel. One or the other or both were in constant attendance. We believe that the right to control was in the defendants Black-man and Huckaby; that such right to control existed as to both the carpentry work Plummer was performing at $1.50 an hour and the roofing work. We consider as unreal a conclusion that the motel owner’s right to control alternately arose or ceased as Plummer alternately shifted to the labor of carpentry or roof laying.”
Despite the foregoing, the second order of the Full Commission, which affirms the order of the Deputy Commissioner entered pursuant to the mandate of the Commission’s prior order of reversal, recognizes “that there was competent substantial evidence to sustain the findings of fact of the Deputy Commissioner,” using this language :
“We, at that time, had no quarrel with the Deputy’s findings of fact and we still have no quarrel with her findings of fact, but we are of the opinion that under those findings of fact, as a conclusion of law, the claimant is an employee of Blackman and Huckaby Enterprises.”
We are unable to reconcile the apparent contradiction of these two orders. The orders fail to state the basis on which the Commission determined that the Deputy Commissioner applied an erroneous rule jf law to the facts as she found them to exist, and we have been unable to supply it from the record. On the contrary, our review of the record discloses ample evidence to support her findings of fact and the conclusions of law she reached thereon.
The question of whether one is an independent contractor or an employee is generally one of fact, the determination of which is not to be based on any one factor but must be determined from the evidence as a whole. Lindsey v. Willis, Fla.App., 101 So.2d 422; Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858.
Having concluded that the Deputy Commissioner’s original order was well founded in law and in fact, certiorari is granted. The orders of the Commission entered February 13, 1956 and February 17, 1958 are quashed and the order of the deputy entered August 19, 1955 is reinstated and affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.