CARROLL, CHAS., Chief Judge.
By certiorari, the claimant in a workmen’s compensation case seeks review of an order of the Florida Industrial Commission • which affirmed the deputy commissioner’s denial of compensation.
Petitioner was injured when his scaffold collapsed while he was doing plastering work on the premises of the respondent McArthur Dairies. His claim for compensation was contested by respondent primarily on the ground that at the time of the accident petitioner was not an employee but an independent contractor, and therefore outside the provisions of the Workmen’s Compensation Law, F.S.A. § 440.01 et seq.
The deputy commissioner found that the claimant had contracted to perform certain plastering work at a lump sum price of $50, with the claimant to furnish the materials and tools, except a scaffold. The deputy further found that there was no deadline within which the work had to be done; that claimant worked no specified hours; that there was no- withholding of social security or federal income taxes; that claimant paid a laborer who assisted him in doing the work. On the question of control, the deputy found that the parties did not intend for respondent to reserve a right to supervise, and that there was in fact no supervision; that claimant had to account to respondent only for the end result of the work, and that respondent relied on the skill, experience, and judgment of the claimant in performing the work. The full commission affirmed on the grounds that the findings of the deputy commissioner were supported by competent, substantial evidence, and in accord with essential requirements of law.
On the argument before this court, counsel for the parties were agreed that the question of whether the claimant was in the status of an employee or an independent contractor turns on whether or not claimant was subject to the direction and control of respondent in his work.
Petitioner insists that the case of Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617, in which the Supreme Court held a plasterer working under somewhat similar circumstances was an employee, requires a like determination in the instant case. However, in the present case the deputy commissioner found that “the complete absence of any control by the employer, coupled with the finding that the parties did not contemplate or intend that *916 the employer should reserve the right to control or supervise the performance of the work distinguishes this case from the Pix-ler case.” We conclude that this determination is in accord with essential requirements of law, and that the Pixler case does not require a contrary finding, because the control over the worker which was an essential reason for the holding in the Pixler case was not present in this case. Petitioner pointed out certain features of the evidence which he contended should be held tO' show such control, consisting of consultations regarding changes in the work, a postponement because of a damp day, and a direction by the respondent about cleaning up on completion. Each of these items is equally consistent with a status of independent contractor, if that existed.
 Each case must turn on its own facts, and a comparison of the Pixler and instant cases reveals material distinctions. In the Pixler case, the claimant was a building mechanic of the employer, whereas here the claimant was regularly employed elsewhere and supplied his own tools. There the employer paid the actual cost of materials used; here the costs were figured into the lump sum price. While it is true that in both cases the work was done for a •contract sum, at off-hours, and the claimant furnished his own helper, it is noted that in the Pixler case, the company took steps to cover and protect its merchandise, and “ * * * instructions for carrying out the work were given by * * * employees in control of the retail business” (192 So. at page 618); and the company “controlled the premises and through its employees gave the claimant additional instructions about the work” (192 So. at page 619).
Later cases dealing with this question show a tendency of the Supreme Court not to extend, but rather to restrict the Pixler holding to its facts. See Peterson v. Highland Crate Co-op., 156 Fla. 539, 23 So.2d 716; Patton Seafood Co. v. Glisson, Fla.1949, 38 So.2d 839; Baya’s Bar & Grill v. Alcorn, Fla.1949, 40 So.2d 468; Rogers v. Barrett, Fla.1950, 46 So.2d 490, and Blackman & Huckaby Enterprises v. Jones, Fla.App.1958, 104 So.2d 667.
For the reasons stated, the petition for writ of certiorari is denied.
HORTON and PEARSON, JJ., concur.