DREW, Justice.
Petitioners seek review of an order of the full commission vacating an order of the deputy commissioner which found the claimant to be an independent contractor rather than an employee.
Emerson F. Wagner, 70 years of age, suffered severe injuries when on or about May 17, 1957, he fell from a roof upon which he had been applying asbestos shingles. Claimant had been working with his sons for the petitioner. The men usually worked as a team and were paid by the completed job.
The deputy commissioner supported his conclusion that the claimant was an independent contractor by cogent, detailed and well prepared findings of fact. He found “[t]he Wagners were not supervised in their work. They were paid by the completed job, that shingle roofing is an art, that the Wagners were not controlled as to their hours of work.” He recited that “Ernest Lee Wagner also testified that he did not make social security deductions for his father and brother and that he did not withhold income tax. * * * John Adams testified * * * that on the occasions when he had shingle roofing to be done he contracted it out by the job * * * that he did not supervise the work that he contracted to the Wagners; that he was interested in and relied upon the end result; that he paid for the work by the job at the conclusion of the work. Whereas, with respect to his own employees he testified that he employed the members of his various crews by the hour; that he paid social security on them and withheld income tax, whereas on the Wagners none of these were done.” These quotations from the deputy’s compensation order will be per *130 tinent to the discussion which will follow of the conclusion reached by the full commission overruling the deputy’s order. The deputy commissioner summarized his findings as follows:
“The undersigned Deputy Commissioner finds that Emerson Wagner was a partner or joint adventurer with his sons in the roofing business and that they were independent contractors and not employees of Adams Roofing Company on the basis of the following tests, but not limited exclusively to these tests, as being in favor of independent contractor.
“(a) Adams contracted for the completed job and did not supervise the work.
“(b) The Wagners were hired by the job. The payment was by the completed job.
“(c) The Wagners had no regular hours of employment and were not paid by the hour.
“(d) Their activities on the job were not controlled by Adams.
“(e) Adams relied on the skill of the Wagners without supervision.
“(f) Shingle roofing was specialized work — not the regular roofing work of Adams.
“(g) No deductions for social security or income tax were made by Adams as he did for his employees.
“(h) No substantial equipment was supplied by Adams.
“(i) The Wagners worked as a team on roofing jobs.
“(j) The Wagners divided the money they received for a job equally or proratedly based on the squares each completed.
“(k) The cost and expenses, such as the truck expense of Ernest Lee Wagner, was included in the job expense.”
While on some of the points above mentioned it could be said that the evidence was in dispute, there is competent substantial evidence to support each of the findings. When the matter was thus presented to the full commission for its consideration on review, these findings of fact were conclusive. As a matter of fact, there is no determination of the full commission that any of the facts so found are not supported by competent substantial evidence.[1]
*131 In finding the claimant was an employee rather than an independent contractor, the full commission uses the words, ■“ * * * it appears to us that the claimant is an employee rather than an independent contractor.” In so holding, the full commission has run contra to established compensation practice. The deputy specifically made findings of fact to which the full commission must adhere unless there is no competent substantial evidence in accordance with logic and reason for such adherence.[2] The full commission may not make its own finding (if these observations could actually be considered as such) as it did in this case to the effect that, “it appears to us that claimant was an employee * * * ” when the probative value of the evidence was for the deputy commissioner to determine.[3]
In many cases we have made clear the authority of the full commission does not include that of making a finding of fact especially since the deputy has that exclusive right.[4]
Whether one is an employee is a question of fact to be determined by the deputy,[5] and where such determination is supported by substantial competent evidence and the deputy applies correct principles of law thereto, as we hold he did here, the findings cannot be disturbed.
The writ is granted and the order of the full commission is quashed with directions to reinstate the order of the deputy commissioner.
It is so ordered.
THOMAS, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.

. The pertinent parts of the order of the full commission read as follows:
“Claimant has applied for a review of said Order, urging that the Deputy erred in finding claimant not to be an employee. We have closely examined the record and it appears to us that the claimant is an employee rather than an independent contractor. We are cognizant of the fact that each of these cases is dependent upon the facts of each individual case, however, under the facts as adduced from the evidence in the instant cause it would appear to us that same are analogous to those existing in the case of Mozinski v. Orange Improvement Co., Jan. 1956, 1 FCR 292; certiorari denied without opinion in Orange Improvement Co. v. Mozinski [Majinski], Fla.1956, 93 So.2d 902. In the Mozinski case it is stated that the power to fire is the power to control. It would appear in the instant cause that the facts indicate that there was a complete ability of Adams Roofing Company to fire claimant. It would also appear that claimant was under the direct control of the alleged employer; thus, claimant is and was at the time of his injury actually an employee, as a matter of law, rather than an independent contractor. In our opinion, the Deputy has erred in finding claimant to be an employee, based upon all evidence adduced in the cause.
“Having considered the cause upon the record, briefs, and oral argument of counsel for the parties, and it appearing that the Deputy erred in his ultimate conclusion by finding claimant not to be an employee, it is
“Ordered that said Order of the Deputy Commissioner dated January 29, 1960, be and the same is hereby vacated and set aside, and said cause he and the same is hereby remanded to the Deputy Commissioner for further proceedings *131 with directions to hereby award workmen’s compensation benefits to the claimant * *

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.

. City Ice and Fuel Division v. Smith, Fla.1952, 56 So.2d 329.

. Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503, 507; Wiedman v. Daryl Products Corp., Fla.1961, 127 So.2d 448.

. Rainsford v. McArthur Dairies, Fla.App. 1959, 108 So.2d 914; Magarian v. Southern Fruit Distributors, 1941, 146 Fla. 773, 1 So.2d 858; Peterson v. Highland Crate Co-op., 1945, 156 Fla. 539, 23 So.2d 716; Patton Seafood v. Glisson, Fla.1949, 38 So.2d 839; Blackman & Huckaby Enterprises v. Jones, Fla.App. 1958, 104 So.2d 667.