HENDRY, Judge.
William G. Stevens, who was the plaintiff below, appeals an order of the trial court granting summary final judgment in favor of the defendant, International Builders of Florida, Inc.
According to the undisputed facts of the case, International Builders was under contract wtih the United States government to construct certain hangar facilities at the Naval Air Station at Boca Chica, Florida. Pursuant to this general contract, International Builders entered into a subcontract with William G. Stevens, who was to install water distribution and sewer systems. Although the name “W. G. Stevens Engineering Co.” appeared on the subcontract, Stevens was neither incorporated nor a member of any partnership. Stevens and *288 his two employees, Sanders and Griffee, performed the work on the project. Having fewer than three employees, Stevens was not required under the Florida Workmen’s Compensation Act, § 440.01 et seq., Fla.Stat., F.S.A., to carry workmen’s compensation insurance. However, by the terms of the subcontract with International Builders, Stevens agreed to obtain workmen’s compensation insurance coverage for his employees. The record on appeal indicates that the only insurance actually carried by Stevens was a small public liability policy. International Builders certified to the Department of the Navy, Bureau of Docks and Yards, that it was insured through Robert F. Coleman of Florida, Inc., in compliance with the Workmen’s Compensation Act, supra.
On May 24, 1965, Stevens was at work on the job site when he was struck and injured by a truck, driven by an employee of International Builders. The employee was operating the truck which was owned by International Builders, within the scope of his duties and with the knowledge and consent of his employer.
Stevens filed his complaint against International Builders, alleging negligence. International Builders answered and asserted as an affirmative defense that Stevens was an employee of W. G. Stevens Engineering Co., a subcontractor, and that as such, plaintiff’s sole and exclusive remedies are those provided under the Workmen’s Compensation Act. At pretrial conference, it was agreed between the parties that this defense should be ruled upon before trial, and the trial judge then granted summary final judgment in favor of the defendant, holding the defense to be a valid one. Plaintiff now seeks appellate review of the order granting summary judgment.
It is the unassailable rule that if appellant falls within the purview of the Florida Workmen's Compensation Act, his remedies for the injuries suffered are exclusively as provided therein. § 440.11, Fla.Stat., F.S. A., reads:
“440.11 Exclusiveness of Liability.
“The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.”
The issue here presented, then, resolves itself into the question of whether appellant is one of that class of persons who come within the scope of the statute.
In determining that issue, we again resort to the provisions of the Workmen’s Compensation Act. It is manifest that by its very nature, the statute contemplates an existing employer-employee relationship. § 440.02(2), Fla.Stat., F.S.A., defines “employee”.
“(a) ‘Employee’ means every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors whether lawfully or unlawfully employed.
“(b) * * *
“(c) The term ‘employee’ shall not include :
“1. Independent contractors; or
*289 “2. Persons whose employment is both casual and not in the course of the trade, business, profession or occupation of the employer.”'
Under the facts of this case, there are but two ways in which Stevens might be considered to be employed as the term is defined in the statute.
We are of the opinion that the appellant was not the employee of the general contractor, International Builders of Florida, Inc. A decision as to the existence or nonexistence of an employer-employee relationship must depend upon the facts of each particular case. Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858 (1941). However, the Florida courts have adopted a number of tests, as formulated by 1 Restatement of the Law, Agency (2nd ed.) § 220, to aid in making a distinction between employee and independent contractor. See Cantor v. Cochran, Fla.1966, 184 So.2d 173; Miami Herald Publishing Co. v. Kendall, Fla.1956, 88 So.2d 276; and. Magarian v. Southern Fruit Distributors, supra. Among the tests to be used are:
“(a) The extent of control which, by the agreement, the master may exercise over the details of the work.
“(b) Whether or not the one employed is engaged in a distinct occupation or business.
“(c) The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision.
“(d) The skill required in the particular occupation.
“(e) Whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work.
“(f) The length of time for which the person is employed.
“(g) The method of payment, whether by time or by the job.”
and,
“(h) Whether or not the work is a part of the regular business of the employer.”
Of these, the primary test is the exercise or right to exercise direction and control by the employer over the employee. Goldstein v. Gray Decorators, Inc., Fla.1964, 166 So.2d 438; City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644; Patton Seafood Co. v. Glisson, Fla.1949, 38 So.2d 839; Peterson v. Highland Crate Co-op, 156 Fla. 539, 23 So.2d 716 (1945); Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617 (1939); Farmers and Merchants Bank v. Vocelle, Fla.App.1958, 106 So.2d 92; Lindsey v. Willis, Fla.App.1958, 101 So.2d 422; and, Gidney Auto Sales v. Cutchins, Fla.App.1957, 97 So.2d 145.
According to the facts contained in the record on appeal, Stevens was to be paid the sum of Four Thousand, Five Hundred ($4,500.00) Dollars upon completion of the installation of the water and sewer system. He was to supply his own tools and equipment, as well as a portion of the materials. He was to employ his own laborers, over whom he had exclusive control. And, most significantly, he was accountable to International Builders only insofar as he was responsible for the end result of the work. All of the above leads us to conclude that Stevens occupied the position of independent contractor, rather than that of employee, in regard to his relationship to International Builders.
The only alternative way in which Stevens might be considered to be an employee is if he were to be the employee of a subcontractor. In that case, § 440.10(1),. Fla. Stat., F.S.A., which provides:
“ * * * In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors en *290 gaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.”
would have the effect of making him an employee of the general contractor for the purposes of workmen’s compensation.
However, Stevens himself was the only subcontractor involved in this case. Thus, we are faced with the unique situation wherein it is contended that an individual may be his own employee. As stated above, Stevens was not incorporated, nor was he a partner in any business concern. The question then is: Does there exist a separate entity of which Stevens might be an employee? An analogous situation was presented to the Florida Supreme Court in the case of Fink v. Fink, Fla.1953, 64 So.2d 770. From the facts of that case, it appears that Ballard E. Fink and Paul F. Lyt-ton had formed a partnership doing business as Marrs Motor and Salvage Company. When Fink was killed while performing work for the partnership, his widow sought to recover against the partnership’s workmen’s compensation insurance’carrier. She contended that her husband was an employee even though he was a member of the partnership. The Supreme Court ruled against the widow’s contention, holding that there could be no recovery. Justice Thomas, speaking for the court, wrote, at page 771:
“The employer-employee relationship is implicit in the whole scheme of the Workmen’s Compensation Law where there are to be found reciprocal rights and duties between the parties to what, we have held, ‘is a form of voluntary contract sanctioned by this law’. (Citations omitted)
“We are unable to agree with appellant’s position that a partnership is so .separate and distinct from the persons comprising it that they, as partners, may be at once masters and servants.
“ * * * It is clear that a partnership may employ, but it does not follow that this definitive recognition gives it such a distinct status and so divorced from its components that it may be held to be authorized to hire its own members. * * * ”
We are of the opinion that the cause sub judice presents a stronger case for finding that there is no employment than does the Fink case, supra, for the reason that it is a logical anomaly to conceive of an individual as an entity apart from itself, whereas in certain circumstances, partnerships or corporations may exist independently of their component parts. We conclude, therefore, that Stevens was not an employee of a subcontractor.
Having found from the facts presented that Stevens can not occupy the position of an employee, we further conclude that the provisions of the Workmen’s Compensation Act Ch. 440, Fla.Stat., F.S.A., supra, can not apply and that Stevens could have no remedy thereunder. This being so, the provisions of § 440.11, Fla.Stat., F.S.A., supra, do not operate to deprive him of a right of action at common law. Therefore, the order granting summary final judgment in favor of the defendant is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.