443 So.2d 320 (1983)
Armando VALLINA, Appellant,
v.
VICTOR FUEGO CONSTRUCTION CO. & Peninsular Fire Insurance Co., Appellees.
No. AR-343.
District Court of Appeal of Florida, First District.
December 28, 1983.
*321 Jerold Feuer, Miami, for appellant.
Barry A. Pemsler, of Richard & Pemsler, Miami, for appellees.
WENTWORTH, Judge.
Appellant Armando Vallina, a subcontractor, appeals a workers' compensation order denying him compensation benefits. Appellant contends that he should be deemed an employee of the general contractor and covered under the Workers' Compensation Act. We disagree, and affirm the order below.
Appellant is the president of Valley Concrete Pump, Inc., a company doing subcontracting for general construction contractors. On April 13, 1982, while working at the general contractor's construction site, appellant was injured when he fell 24 feet from a scaffold to a concrete floor. His contention here is that the appellee general contractor is liable for payment of compensation to him because, as a subcontractor, he is deemed an "employee" of the general contractor under § 440.10, Florida Statutes.[1]
However, appellant elected pursuant to § 440.02(2)(b), Florida Statutes, to be exempt from coverage under the Act. He argues that his voluntary election, by written certification evidencing exemption from coverage under the Act, was limited to exemption from coverage for injury in his capacity as an officer of Valley Concrete Pump. He contends therefore that this election does not preclude statutory liability of the general contractor to him as a deemed employee for injury incurred in work beyond his functions as an officer.
We conclude that two sections of the Act require a contrary conclusion with respect to liability of the appellee general contractor. Section 440.02(2)(b), Florida Statutes, defines "employee" under the workers' compensation law to include:
any person who is an officer of a corporation and who performs services for remuneration for such corporation within this state, whether or not such services are continuous. However, any officer of a corporation may elect to be exempt from coverage under this chapter by filing written certification of the election ... (e.s.)
Also, § 440.02(2)(d)4 states:
(d) The term `employee' shall not include
...
4. Any officer of a corporation who elects to be exempt from coverage under this chapter.
Appellant's contention with respect to this language is that the statutory employee provision of § 440.10 is an overriding "exception to the exclusion under definition of `employee' of corporate officers who exempt themselves from coverage." We find no pertinent precedent or persuasive reasoning for that view, or for the alternative reliance upon § 440.04(2), Florida Statutes, for alleged waiver by appellee of the exclusion election because appellant performed labor on the job site. We do not in this case fully exhaust appellant's argument with respect to alleged continuing vitality of the "dual capacity doctrine,"[2] because the statutory scheme above cited does not in our opinion visit liability upon a general contractor when, as in this case, claimant concedes his voluntary exemption to be effective at the time of his accident to prevent *322 liability of the carrier on the compensation insurance policy purchased by the subcontractor, Valley Concrete.
The order appealed is affirmed.
NIMMONS, J., concurs.
ZEHMER, J., concurs with opinion.
ZEHMER, Judge, concurring.
I concur in affirmance. Appellant was working for Valley Concrete Pump at the time of the injury, and his election as an officer of that company to be exempt from coverage under the act is effective with respect to injuries while working for Valley Pump, whether Valley was acting as a general contractor, subcontractor, or in any other capacity. This case, however, does not involve any question of the effect of appellant's election on coverage under the act if injured while working for an employer or entity other than Valley, and our decision does not reach that question.
NOTES
[1] Prior to amendment in 1979 this statute, imposing upon general contractors liability for payment of compensation to subcontractor employees, excepted employees of a subcontractor "who is exempt" as well as employees of a subcontractor "who has secured such payment." The omission, however, related to exempt employer subcontractors and not exempt officer-employees.
[2] Larson, Workmen's Compensation Law, Vol. 1C, § 54.21, recognizing employee status for corporate officers performing labor under certain circumstances.