453 So.2d 161 (1984)
BOYD-SCARP ENTERPRISES, INC. and State Farm Fire & Casualty Company, Appellants,
v.
Charlie SAUNDERS and D/B/a Saunders Electric and Commercial Union Insurance Company, Appellees.
No. AU-336.
District Court of Appeal of Florida, First District.
July 19, 1984.
*162 Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellant.
Beth A. Ferguson of Meyers & Mooney, Orlando, for appellee/claimant.
Ronald S. Webster of Whittaker, Pyle, Stump & Webster, Orlando, for appellee/carrier.
SMITH, Judge.
The employer/carrier appeal a deputy commissioner's order granting workers' compensation benefits to claimant. The primary issue for our consideration is whether the deputy commissioner erred in finding that the claimant was a "statutory employee" of Boyd-Scarp Enterprises, Inc., pursuant to Section 440.10(1), Florida Statutes (1981), and was not an independent contractor. We disagree with the deputy commissioner's findings on this primary issue and reverse.
Boyd-Scarp is a general contractor engaged in the construction business, performing all of its work exclusively through subcontractors. On December 28, 1982, claimant, a master electrician and sole proprietor of Saunders Electric, was given the job by Boyd-Scarp of rewiring a burned-out house. Claimant was to be paid for "time and material," was given wiring plans and specifications to follow, and was responsible for providing his own materials, tools and help. He was not actively supervised by anyone from Boyd-Scarp during the actual performance of the work. While working in the attic of the burned out house, claimant accidently stepped on a broken board and fell ten feet onto a concrete floor, suffering a severe spinal cord injury. After approximately two-and-one-half months in various hospitals, he was discharged on March 25, 1983, and was confined to a wheelchair with impaired use of his hips and legs and no ability to use his ankles.
When claimant was organizing his business in July 1982, he had secured workers' compensation insurance coverage from Commercial Union Insurance Company. He had specifically elected not to be considered an employee of his business; therefore, since he had no other employees, his premium was a base minimum figure. Claimant was pleased with this arrangement because he was specifically seeking a low cost policy.
On March 7, 1983, claimant filed a claim for temporary total disability benefits and other workers' compensation benefits against Boyd-Scarp and its carrier, State Farm Fire and Casualty Company, and also against Saunders Electric and its carrier, Commercial Union Insurance Company. Boyd-Scarp/State Farm defended on the ground that claimant was not an employee of Boyd-Scarp nor an employee of a subcontractor on the job, but was a sole proprietor/independent contractor who had affirmatively chosen not to be covered under his own business's workers' compensation policy. Saunders Electric/Commercial Union defended on the ground that claimant had voluntarily elected not to be covered under the Commercial Union policy. On *163 August 8, 1983, the deputy commissioner entered his final order ruling that claimant was not covered under the Commercial Union policy, but was covered by State Farm as a "statutory employee" of Boyd-Scarp. The deputy commissioner based this ruling upon a finding that claimant was not an independent contractor, but was a subcontractor of Boyd-Scarp.
Boyd-Scarp urges five points on appeal. Initially, we affirm the deputy commissioner's finding that claimant was not covered under his policy of insurance with Commercial Union. We are not persuaded by Boyd-Scarp's arguments that Commercial Union waived its right to deny coverage to claimant or that it should be estopped to deny coverage. It is clear, however, that claimant voluntarily elected not to be considered an employee of his business and, accordingly, was not covered by the Commercial Union policy. See, Sections 440.02(2)(c), 440.05, Florida Statutes (1981).
We reverse, however, the deputy commissioner's finding that claimant was covered under the State Farm policy as a "statutory employee" of Boyd-Scarp. Section 440.10(1), Florida Statutes (1981), states that a contractor must provide workers' compensation coverage to all employees of a subcontractor when such employees have not been provided coverage by the subcontractor. This "statutory employee" language is only applicable to "employees" of a subcontractor. Pursuant to Section 440.02(2)(c), Florida Statutes (1981), a sole proprietor may affirmatively elect to be considered an employee of his business. If such election is made, then the sole proprietor would be considered an employee for purposes of Section 440.10(1). In this case, claimant affirmatively chose not to be considered an employee of his sole proprietorship; therefore, he cannot be a "statutory employee" of the general contractor, Boyd-Scarp. Cf., Vallina v. Fuego Construction Co., 443 So.2d 320 (Fla. 1st DCA 1983), in which this court affirmed the ruling of a deputy commissioner denying compensation benefits to a subcontractor's president who had elected to be exempt from coverage under the Workers' Compensation Act, and therefore was not deemed to be an employee of the general contractor under Section 440.10, Florida Statutes, with respect to injuries incurred while working at the general contractor's construction site.
General common law principles also dictate a finding that claimant was not an employee of his sole proprietorship, Saunders Electric Company. As was held in Stevens v. International Builders of Florida, Inc., 207 So.2d 287 (Fla. 3d DCA 1968), a sole proprietor may not be his own employee because there is no entity apart from the individual which could be considered the individual's employer. See, also, Chase v. Tenbroeck, 399 So.2d 57 (Fla. 3d DCA 1981). Accordingly, under both statutory and case law, it is clear that claimant is not an employee of his sole proprietorship and, therefore, is not a statutory employee of Boyd-Scarp pursuant to Section 440.10(1), Florida Statutes.
Although claimant was not a statutory employee of Boyd-Scarp, we have considered the question whether he nevertheless should be considered an actual employee of Boyd-Scarp pursuant to the broad language of Section 440.02(2)(a), Florida Statutes, which defines the term "employee," as "every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, ... ." Although this language is rather all-encompassing, it must be read in pari materia with subsection (d), paragraph 1, which provides that the term "employee" does not include an "independent contractor." Section 440.02(2)(d)1.
Here, the deputy commissioner affirmatively found that claimant was not an independent contractor, basing his determination upon three factors: (1) claimant was to be paid on the basis of time expended and materials used; (2) claimant was supervised by a Boyd-Scarp superintendent; and (3) the work performed by claimant was part of the work of the general contractor *164 and not a distinctly different occupation. This latter finding was apparently made to rule out consideration of Section 440.02(2)(d)2, in determining claimant's employment status. Notwithstanding these specific findings, we are compelled to disagree with the result and reverse the deputy commissioner's ruling on this issue.
In Stevens, supra, the Third District set forth the general factors to be considered in determining whether an individual is an employee or an independent contractor. It is clear that such a determination is normally for the finder of fact and must depend upon the peculiar facts of each case. Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984); Stevens, supra; Gregg v. Weller Grocery Company, 151 So.2d 450 (Fla. 3d DCA 1963). Upon a complete review of the record, however, we find that on this point the deputy commissioner gave incorrect legal effect to the facts to the extent that they were correctly found, and that he also to some extent made factual findings which are not supported by competent, substantial evidence. Some confusion on the question of the claimant's employment status is evidenced by the deputy commissioner's finding that although claimant was not an independent contractor, he was a subcontractor. In the context of these proceedings, at least, we are aware of no theory upon which these terms may be considered mutually exclusive. The issue for decision by the deputy commissioner was whether claimant was an employee of Boyd-Scarp, under any theory, or whether he was an independent contractor.
While we are not permitted to reweigh the evidence, we must rule based upon the record before us, that the uncontroverted evidence establishes claimant's relationship as one of independent contractor, rather than employee, of Boyd-Scarp. Contrary to the deputy commissioner's finding, the claimant was not actively supervised in the performance of his duties by anyone from Boyd-Scarp. Also, contrary to the deputy commissioner's finding, claimant was a master electrician engaged in a special vocation distinctly different from that of Boyd-Scarp, since Boyd-Scarp was in the general contracting business, performing all of its work exclusively through subcontractors. The claimant provided his own materials, his own tools, and hired his own helpers; he was responsible only for the end result of his work; and he was employed as a subcontractor on a limited basis with respect to only one job. On the basis of these facts, claimant was an independent contractor, not an employee. Admittedly, the claimant testified that he was paid on the basis of time expended and materials used. However, this method of payment was explained as being customary on jobs such as claimant was doing, because of the inherent difficulty in determining in advance the amount of work and materials that ultimately may be required in restoring burned out buildings. Furthermore, claimant was not carried on Boyd-Scarp's books as an employee, and there were no payroll deductions. As reiterated in Saudi Arabian Airlines v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983), the payment of wages is the least important factor in determining the character of the relationship, the essential elements being the right of control and the right to direct the manner in which the work shall be done. The method of payment alone is simply not controlling, and cannot override the abundant evidence establishing that claimant was an independent contractor.
Summarizing, the claimant voluntarily elected to be excluded from coverage under his own company's workers' compensation policy with Commercial Union. He voluntarily chose not to be considered an employee of his business; therefore, not being an "employee" of a subcontractor, he was not a statutory employee of Boyd-Scarp. He was hired as an independent contractor; therefore, he was not an actual employee of Boyd-Scarp. In short, claimant is not entitled to recovery of workers' compensation benefits from either Boyd-Scarp/State Farm or Saunders Electric/Commercial Union. Because of our resolution of these *165 issues, the remaining issues raised by appellant are moot.
REVERSED.
WENTWORTH and BARFIELD, JJ., concur.