ERVIN, Chief Judge.
The employer/carrier appeals from a workers’ compensation order in which the deputy commissioner awarded temporary total disability and wage-loss compensation benefits to claimant. Natural Landscaping controverted the claim solely on the basis that claimant was not an employee at the time of the accident. The deputy commissioner’s order found claimant’s injury com-pensable on two grounds: (1) the claimant was at the time of his injury a subcontractor without workers’ compensation insurance, thus making the employer a statutory employer within the meaning of Section 440.10, Florida Statutes, and (2) the claimant’s business relationship with the employer, absent any consideration of a subcon-, tractor relationship, leads to the finding that there was sufficient supervision, control and sharing of responsibilities to create a general condition of employment permeating and commingled with the business relationship.
We affirm the deputy’s order as to the second ground entered, finding that there is competent, substantial evidence disclosing the existence of an employer/employee relationship. That portion of the order finding claimant a statutory employee was, however, erroneous,[1] but since it was an alternative ground advanced for compensa-bility, it does not affect the ultimate disposition of this cause and will not otherwise affect the validity of the award granted.
In July of 1982, claimant began working for Natural Landscaping, a lawn service business. His duties included picking up palm limbs, raking and mowing lawns. Claimant was at first paid by the hour, and *1186 later by the amount of trees that he trimmed. On September 25, 1982, while he was trimming palm trees, the employer’s chain saw slipped and cut claimant’s hand, resulting in the injury for which compensation was sought.
Notwithstanding contrary evidence on the issue of an employer/employee relationship, we find competent, substantial evidence supporting the deputy commissioner’s finding that claimant was an employee at the time of the accident. Although the evidence was conflicting, it reveals that claimant was told by his employer what had to be done at a job site, and the manner by which the work was to be performed. Claimant regularly worked from 8:00 a.m. until 5:00 p.m., five days a week. For the most part, Natural Landscaping provided the tools to be used at a job site, and, in fact, claimant’s industrial accident occurred while he was using a tool provided by Natural Landscaping. Furthermore, there is evidence that Natural Landscaping fired two co-workers during claimant’s employment. Under these circumstances, there is competent, substantial evidence revealing the indicia of control exercised over claimant that is necessary to establish an employer/employee relationship. See Brewer v. Cueto, 379 So.2d 1322 (Fla. 1st DCA 1980).
Alternatively, the deputy commissioner found the claimant to be a subcontractor without workers’ compensation insurance, thus making Natural Landscaping a statutory employer within the meaning of Section 440.10(1), Florida Statutes, providing in pertinent part that when a contractor sublets any part or parts of his work to a subcontractor, all of the subcontractor’s employees shall be considered employees of the contractor, who is in turn deemed to be a “statutory employer”. Claimant, a sole proprietor, was found by the deputy to be a “statutory employee” under section 440.10(1), and therefore covered under the workers’ compensation policy of the contractor, Natural Landscaping, the “statutory employer”. However, Section 440.-10(1), Florida Statutes is applicable only to two or more employees of a subcontractor, and not to a single employee. See generally Boyd-Scarp Enterprises, Inc. v. Saunders, 453 So.2d 161, 163 (Fla. 1st DCA 1984). Consequently, even if claimant could be considered a subcontractor, he is his own employee and is not covered under Section 440.10(1), Florida Statutes. Stevens v. International Builders of Florida, Inc., 207 So.2d 287 (Fla. 3d DCA 1968).
Accordingly, that portion of the deputy's order finding claimant to be a subcontractor under Section 440.10(1), Florida Statutes, was in error, but because there was competent, substantial evidence supporting the finding that an employment relationship existed between claimant and the employer/carrier, the erroneous portion of the order has no effect on the compensability award entered.
The order as modified is affirmed.
SMITH and NIMMONS, JJ., concur.

. The deputy commissioner’s findings appear to be inconsistent. The deputy commissioner found claimant to be, absent any consideration of a "subcontractor relationship”, an employee under section 440.02. In doing so, the deputy commissioner implicitly found that claimant was not an independent contractor. However, the deputy commissioner also found claimant to be a subcontractor under Section 440.10(1), Florida Statutes. In Boyd-Scarp Enterprises, Inc. v. Saunders, 453 So.2d 161, 164 (Fla. 1st DCA 1984), this court, confronted with a similar order, stated, "In the context of these proceedings, at least, we are aware of no theory upon which ... [a subcontractor and an independent contractor] may be considered mutually exclusive.”