NIMMONS, Judge.
In connection with a January 1987 industrial accident, the claimant appeals the deputy commissioner’s ruling that he is not a statutory employee of Lewis & Associates, the contractor, under Section 440.10(1), Florida Statutes (Supp.1986).[1] We reverse.
Appellant and his wife operate R & D Cleaning Service, Incorporated, which was formed as a sole proprietorship in 1981. The effect of this arrangement was to exclude appellant from the definition of “employee” and therefore from coverage under the Workers’ Compensation Act unless he affirmatively elected such coverage.[2] Appellant, acting as the sole proprietor, did not elect coverage for himself.
In 1983, appellant incorporated his business, with the result that — as an officer of the corporation — he was to be automatically covered by the Act unless he elected to be excluded therefrom.[3] Appellant has made no such election. However, the applications for insurance, which were prepared by appellant’s insurance agent and signed by appellant, continued to list R & D Cleaning as a sole proprietorship in which the sole proprietor had not elected coverage for himself.
After appellant filed a claim for his January 1987 injury with Aetna Casualty and Surety Company, the workers’ compensation carrier for R & D Cleaning, Incorporated, Aetna refused to pay compensation on the ground that the business was insured as a sole proprietorship in which appellant, the sole proprietor, had not elected coverage for himself.[4]
At the time of appellant’s accident, R & D Cleaning, Incorporated was the subcontractor for a construction project for which appellee Lewis & Associates was the general contractor. Appellant therefore took the position that as an employee of a subcontractor which had not secured compensation for him, he was entitled to compensation from Lewis’ insurance carrier pursuant to Section 440.10(1).
The deputy rejected this contention on the ground that R & D Cleaning, Incorporated, did in fact have a valid insurance policy in effect and that the appellant was therefore not a statutory employee under Section 440.10(1). The deputy cited to Boyd-Scarp Enterprises, Inc. v. Saunders, 453 So.2d 161 (Fla. 1st DCA 1984), and Vallina v. Victor Fuego Construction *806 Co., 443 So.2d 320 (Fla. 1st DCA 1983), for the principle that if the subcontractor has workers’ compensation coverage, an individual employee thereof is not entitled to coverage under the general contractor’s policy even if the subcontractor’s policy does not cover that employee. In Vallina, the claimant was an officer of a corporation (the subcontractor) who had affirmatively elected, pursuant to Section 440.-02(ll)(b), to be exempt from coverage under the Workers’ Compensation Act. In Boyd-Scarp, the claimant was a sole proprietor of the subcontractor who had chosen not to affirmatively elect coverage for himself under the Act. In each of these cases the subcontractor had a valid workers’ compensation policy in effect at the time of the claimant’s accident, and we held that Section 440.10(1) was not operative to provide for coverage for the claimant.
Boyd-Scarp and Vallina, however, are distinguishable in one crucial respect, which is that they were decided on the basis that the claimant was not an employee of the subcontractor and therefore could not be considered a statutory employee of the contractor, since Section 440.10(1) specifically holds the contractor responsible for employees of the subcontractor. The claimant in each of these cases had, unlike appellant, chosen to place himself outside the operation of the Workers’ Compensation Act.
On the facts of this case, appellant was clearly a statutory employee of Lewis & Associates, the contractor, at the time of the accident. As we recognized in Boyd-Scarp at 163, it was therefore the contractor’s responsibility to provide coverage “to all employees of a subcontractor when such employees have not been provided coverage by the subcontractor.” Under the terms of Section 440.10(1), in order to avoid responsibility for coverage of the claimant, the statutory employer must demonstrate that the claimant is otherwise covered by a valid workers’ compensation policy. Since the appellees made no such showing in this case, they are responsible for any workers’ compensation benefits that appellant may ultimately be found entitled to.[5] We decline to reach appellant’s second point because it was not addressed by the deputy in his order.
Accordingly, the order is REVERSED and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.

. Section 440.10(1) provides in part:
* * * In case a contractor sublets any part or parts of his contract work to a subcontractor, or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees except to employees of a subcontractor who has secured such payment. * * * (e.s.)

. Section 440.02(1 l)(c), Florida Statutes (1985) provides:
(c) "Employee” includes a sole proprietor or a partner who devotes full time to the proprietorship or partnership and elects to be included in the definition of employee by filing notice thereof as provided in s. 440.05.
We would note that this section has been virtually unchanged since prior to the formation of the appellant's business in 1981. However, it formerly appears as 440.02(2)(c).

. Section 440.02(1 l)(b), Florida Statutes (1985) provides:
(b) "Employee” includes any person who is an officer of a corporation and who performs services for remuneration for such corporation within this state, whether or not such services are continuous. However, any officer of a corporation may elect to be exempt from coverage under this chapter by filing written certification of the election with the division as provided in s. 440.05. Services shall be presumed to have been rendered the corporation in cases when such officer is compensated by other than dividends upon shares of stock of such corporation owned by him.
We would note that this section has been virtually unchanged since prior to the formation of the appellant’s business in 1981. However, it formerly appears as 440.02(2)(b).

.Appellant asserted that he had informed his agent of the incorporation of his business and that the agent negligently failed to correctly note the corporation’s changed status in the application. Appellant also testified that after informing the agent of R & D Cleaning’s incorporation, he believed that he was covered under the corporation’s policy. The deputy made no specific finding regarding the cause of the discrepancy in the application. Aetna was not a party to this proceeding and no representative of Aetna appeared as a witness.

. We do not reach the issue of whether appel-lees are entitled to indemnification for any workers’ compensation benefits paid to appellant. We hold only that, as a threshold matter, appellees bear the primary responsibility for appellant’s workers' compensation coverage.