SHIVERS, Chief Judge.
The claimant in this worker’s compensation case appeals an order denying benefits on the basis that he was neither an employee of the appellee nor a “statutory employee” pursuant to section 440.10(1), Florida Statutes (1985).
We affirm the finding of the judge of compensation claims (JCC) that claimant was an independent contractor rather than an employee, finding there to be competent substantial evidence in the record to support such a conclusion based on the factors set out in Cantor v. Cochran, 184 So.2d 173 (Fla.1966). We also affirm the JCC’s conclusion that the claimant was not a statutory employee under section 440.10(1).
The evidence presented at the May 27, 1988 hearing established claimant to be the sole proprietor of a business known as Orell Bedsole Roofing. As Orell Bedsole Roofing, the claimant entered into a subcontract with the appellee, a general contractor, to perform a roofing job on a building at Eglin Air Force Base. The claimant did not have worker’s compensation insurance covering himself or his employees.
Under section 440.10(1), general contractors are required to provide workers’ compensation coverage to all employees of their subcontractors, where such employees have not been provided coverage by the subcontractor. Further, although a sole proprietor is not necessarily considered an employee of his own business, it is possible for him to be considered an employee if he devotes full time to the proprietorship and specifically elects to be included in the definition of employee by filing notice as provided in section 440.05. Section 440.-02(ll)(c), F.S. (1985).[1] In such a case, a sole proprietor considered to be an employee of his own sole proprietorship could also be a “statutory employee” of a general contractor under section 440.10(1). Boyd-Scarp Enterprises, Inc. v. Saunders, 453 So.2d 161 (Fla. 1st DCA 1984). In the instant case, there is no evidence in the record that the claimant made such an election. Therefore, although claimant was a subcontractor, he was not a statutory employee of the appellee under section 440.-10(1).
Despite our affirmance of the JCC’s findings that claimant was neither an employee nor a statutory employee, we find it necessary to remand for further proceedings. The evidence presented at the hearing established that the appellee normally required its subcontractors to carry their own workers’ compensation insurance, and that the claimant in this case did not have such insurance. The appellees’ witnesses testified that they were unaware that claimant did not have workers’ compensation insurance until after his accident, while claimant and several of his witnesses testified that the appellee was not only aware of claimant’s lack of insurance prior to the accident, but told claimant that it would take care of his insurance. The evidence was undisputed that, after the roofing job was completed by claimant’s employees, the appellee withheld $450 from the agreed-upon contract price of $3,100 and earmarked this deduction as covering, among several other items, workers’ compensation insurance. In light of such evidence, we remand the matter to the JCC for further findings, including specifically a determination of whether the appellee was estopped from denying coverage on the basis of its having led claimant to believe that he would be covered under appellee’s policy of insurance. If necessary, the JCC may hear and consider additional evidence on remand.
JOANOS and ZEHMER, JJ., concur.

. Section 440.02(12)(c), Florida Statutes (1989).