PER CURIAM.
The appellant, Kathryn Ricketts, appeals from the final summary judgment in favor of the appellee, Lillie Haynes, the personal representative of Sarainne L. Andrews’ estate. We reverse. The trial court erred in finding that Ricketts’ exclusive remedy is workers’ compensation, since a cause of action lies against Andrews’ estate for Andrews’ alleged intentional torts.
In 1982, Haynes was appointed guardian of the person and property of Andrews, an incapacitated woman. In 1984, Haynes hired Ricketts as one of several nurses to care for Andrews. While Ricketts was tending to Andrews, Andrews became belligerent and physically assaulted her on two occasions. On June 4,1991, when Ricketts turned to get a wheelchair, Andrews kicked her in the lower back with both feet, causing her to suffer a back injury. Ricketts was treated for her injury and returned to work, although she still experienced severe back pain. Two days later, while Ricketts was attempting to put slippers on Andrews’ feet, Andrews again kicked her from behind, causing her to fall on a coffee table. Ricketts was treated for trauma to her back, and she continued to care for Andrews until Andrews’ death on June 19, 1991.
Since Ricketts’ injuries were sustained in the scope of her employment, Ricketts made a claim for benefits under a workers’ compensation policy Haynes had purchased. After receiving the workers’ compensation benefits, Ricketts filed a complaint against Andrews’ estate for the two assaults and batteries Andrews committed. She subsequently filed a demand for judgment in the amount of $200,000. The estate rejected the demand and filed a motion for summary judgment. The trial court granted the motion and entered a final summary judgment for the estate on the ground that Ricketts’ sole remedy was under the workers’ compensation statute and that it was irrelevant whether Haynes or Andrews was Ricketts’ employer. This was error.
The resolution of this case depends upon a determination of who was Ricketts’ employer. If Andrews was Ricketts’ employer, then the “exclusiveness of liability” provision of the workers’ compensation statute applies and the estate is immune from suit. See § 440.11(1), Fla.Stat. (1991). However, if Haynes was Ricketts’ employer, then Andrews could be classified as a third-party tort-feasor and Andrews’ estate would not be immune from liability. See § 440.39(1) Fla. Stat. (1991).
Haynes argues that Andrews was actually Ricketts’ employer because Haynes, acting as guardian, secured the workers’ compensation insurance on Andrews’ behalf to protect Andrews’ assets. While we agree that generally a guardian’s authorized acts are considered to be done on the ward’s behalf,[1] in this case, we are bound by the legislature’s definition of an “employer” under workers’ compensation law.
The Workers’ Compensation Act in section 440.02(14), Florida Statutes (1991), defines an employer as “the state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any employment, and the legal representative of a deceased person or the receiver or trustees of any person.” By hiring nurses to care for Andrews, Haynes met the statutory definition of an employer in two respects. She was a person carrying on employment, and she was the equivalent of a trustee of a person. Further, it was Haynes, not Andrews, who had control over the employment relationships. See Stevens v. International Builders of Fla., Inc., 207 So.2d 287 (Fla. 3d DCA), cert. denied, 217 So.2d 101 (Fla.1968) (in determining whether subcontractor was an employee or an independent contractor, primary test of employer-employee relationship is exercise of direction and control).
Since Haynes was Ricketts’ employer, Ricketts’ sole remedy against her is under the workers’ compensation statute. Howev *1234 er, Ricketts is not precluded from bringing suit against Andrews’ - estate for Andrews’ acts as a third-party tort-feasor.[2] See § 440.39(1), Fla.Stat. (1991). Therefore, the trial court erred in granting the final summary judgment.
Because this is a case of first impression which affects the relationship of guardians and their employees, we certify the following question to the supreme court as one of great public importance:
IS A GUARDIAN WHO HIRES PERSONS TO TEND TO THE AFFAIRS OF A WARD UNDER CHAPTER 733, FLORIDA STATUTES, AN “EMPLOYER” UNDER THE WORKERS’ COMPENSATION STATUTE, SECTION 440.-02(14), FLORIDA STATUTES (1991)?
Reversed and remanded.
PATTERSON and BLUE, JJ., concur.
HALL, A.C.J., dissents with opinion.

. See § 744.102(8), Fla.Stat. (1991).

. The issue of whether Ricketts can prove that Andrews, an incapacitated woman, was capable of committing an intentional tort is beyond the scope of this appeal.