POLEN, J.
Contractor’s Management Services, Inc. (“the contractor”), one of the defendants named in a personal injury suit brought by Lester Dixon (“Dixon”), appeals from a nonfinal order denying its motion for summary judgment which was premised on worker’s compensation immunity. We affirm.
Dixon was a partner of L & L Construction, a subcontractor on the subject job. The subcontract agreement required L & L to provide the contractor with proof of worker’s compensation coverage. While L & L provided the contractor with the requisite proof, it failed to advise the contractor that it had obtained a certificate of exemption from the State certifying that Dixon was exempt from the worker’s compensation law.
When Dixon was allegedly injured on the work site he sued the contractor, among others. The contractor raised worker’s compensation immunity pursuant to section 440.11(1), Florida Statutes (1997), as an affirmative defense and filed a third party claim against L & L.
Thereafter, the contractor filed a motion for summary judgment, arguing that it was immune from suit by virtue of worker’s compensation coverage. It posited that Dixon’s voluntary exemption from coverage was ineffective because of L & L’s failure to advise it that Dixon was exempt, and maintained that, had it known Dixon was exempt, it would have bari-ed him from working at the job site. The trial court denied the motion, finding that L & L had no obligation to produce a copy *437 of Dixon’s exemption under section 440.10(1)(c), Florida Statutes (1997).[1] This appeal followed.
Under 440.02(14)(e), Florida Statutes (1997), officers and sole proprietors of subcontractor companies may elect to be excluded from the worker’s compensation statute’s definition of “employee” by filing written notice of the election with the division. If they do so, they are not considered “employees” under the Worker’s Compensation Act and are not entitled to recover worker’s compensation benefits in the event they are injured on the job from either the subcontractor or the general contractor. §§ 440.02(14)(e), 440.077, Fla. Stat. (1997); Swartout v. Lewis & Assoc. Dev. Corp., 548 So.2d 804 (Fla. 1st DCA 1989) (citation omitted). However, if the officer’s exemption is inef-' fective or otherwise invalid, he is considered a “statutory employee” of the subcontractor for purposes of the Act and, if the subcontractor has failed to obtain coverage for him, he is entitled to recover worker’s compensation benefits under the contractor’s policy. Swartout, 548 So.2d at 806. In such a situation, section 440.11(1) would immunize the contractor from a separate tort claim by the injured officer.
The contractor argues that, under section 440.10(1)(c), Florida Statutes (1997), Dixon’s exemption was invalid because of L & L’s failure to disclose his exemption. We disagree. Nothing in the statute requires the subcontractor to disclose any exemptions upon the contractor’s demand for proof of coverage. In fact, the first sentence in this section gives the contractor the option of asking the subcontractor for either proof of coverage or evidence of exemption. Because we hold that any other interpretation of the statute would render this option meaningless, we affirm the interpretation reached by the trial court.[2] See Ellis v. State, 622 So.2d 991, 1001 (Fla.1993)(“It is a fundamental rule of construction that statutory language cannot be construed so as to render it potentially meaningless.”)
AFFIRMED.
DELL and WARNER, JJ., concur.

. That section provides,
A contractor may require a subcontractor to provide evidence of workers' compensation insurance or a copy of his or her certificate of election. A subcontractor electing to be exempt as a sole proprietor, partner, or officer of a corporation shall provide a copy of his or her certificate of election to the contractor.
Fla. Stat. § 440.10(l)(c) (1997).

. Of course, chapter 440 does not preclude a contractor from requiring both proof of coverage and notice of any exemption in the written subcontract. Contractor did not do so in this case.