PER CURIAM.
In this workers’ compensation appeal, the claimant, Janice Carpenter, appeals a final order of the Judge of Compensation Claims (JCC) which denied claimant’s petition for benefits against B & G Resort Properties, Ltd. and B & G Resort Management, Inc., appellees, on the ground that appellees were not claimant’s employer under section 440.02(14), Florida Statutes (1996). We affirm.
Claimant was employed as the head housekeeper of the Wind Drift Motel when she injured her back on August 12, 1997. *521 At the time of her injury, the motel was being operated by a receiver appointed by the circuit court to protect the motel property during the pendency of litigation between appellee, B & G Resort Properties Ltd., an owner of the property along with appellee, B & G Resort Management, Inc., and potential purchasers, who had occupied the property under a pre-occupancy agreement pending closing on the sale of the property. The JCC found that, at the time of her injury, claimant was employed by the receiver and not appellees. Competent substantial evidence in the record supports the JCC’s findings in that claimant neither received directions from nor was under the control of appellees. Because appellees were not employers of claimant, the JCC had no jurisdiction over appellees for the purpose of imposing workers’ compensation liability on them for claimant’s injuries. See Pacific Indem. Co. et al. v. Workmen’s Compensation Appeals Bd., 258 Cal.App.2d 35, 65 Cal.Rptr. 429 (2d Dist.1968), see also Ricketts v. Haynes, 630 So.2d 1232 (Fla. 2d DCA 1994), and § 440.02(14), Fla. Stat. (1997).
AFFIRMED.
BENTON, VAN NORTWICK and LEWIS, JJ., concur.