[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12104
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-24285-KMW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VILBRUN SIMON,
SAINTANISE AGENORD,
SIMON ACCOUNTING & TAX SERVICES, LLC,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2020)

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Vilbrun Simon and Saintanise Agenord appeal the district court's entry of a permanent injunction prohibiting them from preparing federal tax returns. We affirm.[1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November 2017, the United States filed a complaint against Vilbrun Simon, Saintanise Agenord, Wilcienne Pierre, and Simon Accounting & Tax Services LLC. The complaint sought a permanent injunction under 26 U.S.C. sections 7402(a), 7407, and 7408 prohibiting the four defendants from getting paid to prepare tax returns.

The parties stipulated to the following facts before trial: (1) Simon was a paid tax preparer who had prepared returns since 2009; (2) in 2012 and 2013, he worked as a tax preparer at Ebenezer Tax Service, Inc., which, in 2015, was prohibited from engaging in tax preparation services; (3) in 2012, Simon and his wife, Agenord, formed Simon Accounting as a tax preparation business; (4) Agenord also owned and operated, as a sole proprietor, a tax preparation service called Village Tax and Multiservices; (5) Simon and Agenord prepared and filed tax returns while working for Simon Accounting and Village Tax; (6) to file returns, Simon and Agenord had

---

[1] Simon Accounting & Tax Services, LLC appealed the injunction as well but withdrew the appeal in its initial brief. We construe that withdrawal as a motion to dismiss its appeal. Because the government does not object in its brief, the motion is unopposed, and we grant it. See Fed. R. App. P. 42(b); Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC, 932 F.3d 1303, 1310 n.1 (11th Cir. 2019) (granting motion to dismiss appeal when cross-appellant abandoned it).

their own preparer tax identification numbers issued by the Internal Revenue Service that they reported on the tax returns they prepared; (7) the couple routinely prepared returns for customers using each others' preparer tax identification numbers; and (8) the defendants frequently provided customers with incomplete copies of the returns they prepared for those customers.

Pierre agreed to the injunction, while Simon, Agenord, and Simon Accounting went to trial. After a three-day bench trial, the district court made oral findings of fact. The court found that the defendants prepared fraudulent tax returns, hid their fees from their clients, and "otherwise violated tax laws on hundred[s] and likely thousands of returns." Specifically, the defendants: (1) falsely claimed education credits, student loan interest deductions, Schedule A deductions (charitable contributions and unreimbursed employee expenses), and fuel tax credits; and (2) failed to disclose their fees, review the returns with their clients, provide accurate and complete copies of the returns to their clients, and use their own pin numbers when filing returns. The court noted that, of the 4,200 tax returns the defendants (including Pierre) filed for tax years 2012 through 2017, ninety-nine percent of those returns claimed a refund, causing "a probable loss to the U.S. Government in the millions in tax revenue."

The district court, "find[ing] the statutory elements for injunctive relief under [sections] 7407 and 7408 [were] satisfied," entered a permanent injunction against

the defendants, prohibiting them from preparing tax returns.[2]  Specifically, the district court enjoined the defendants and Village Tax from: acting as federal tax return preparers or assisting in the preparation of tax returns; participating in a business that prepares tax returns; transferring information about filing tax returns; engaging in conduct subject to penalty under the Internal Revenue Code; and engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.  The defendants appeal the injunction.

## STANDARD OF REVIEW

We review a district court's decision to grant a permanent injunction for an abuse of discretion.  S.E.C. v. ETS Payphones, Inc., 408 F.3d 727, 731 (11th Cir. 2005). "Determinations of law are reviewed de novo, while the findings of fact that support an injunction are reviewed for clear error."  Id.  A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004).

---

[2] Because the district court found that injunctive relief was "appropriate under [sections] 7407 and 7408," it declined to "address the [g]overnment's request [for injunctive relief] under [section] 7402."

4

## DISCUSSION

Simon and Agenord contend that the district court abused its discretion by permanently enjoining them from preparing tax returns under sections 7407 and 7408. Agenord argues that the evidence was insufficient because the district court erroneously attributed Simon's actions to her. Simon argues that the district court should have fashioned a narrower injunction against him. We disagree.[3] But before we address the defendants' arguments, we first describe how the section 7407 and section 7408 injunction process works.

### *Section 7407*

"[Section] 7407, is part of a general scheme regulating the activities of 'income tax return preparers' and it allows injunctions to be issued for various offenses by 'tax preparers.'" United States v. Ernst & Whinney, 735 F.2d 1296, 1302 (11th Cir. 1984). Section 7407(b) provides:

In any action under subsection (a), if the court finds—

---

[3] The defendants also argue that the district court erred in entering an injunction against Village Tax because it was not named as a defendant. The defendants did not raise this argument below, so they have waived our review of the issue. See In re Lett, 632 F.3d 1216, 1226 (11th Cir. 2011) ("Ordinarily an appellate court does not give consideration to issues not raised below." (quoting Hormel v. Helvering, 312 U.S. 552, 556 (1941))). In any event, this argument fails on the merits. Agenord owned and operated Village Tax as a sole proprietorship. A sole proprietorship is "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." Sole proprietorship, Black's Law Dictionary (11th ed. 2019). In a Florida sole proprietorship, "there is no entity apart from the individual." Boyd-Scarp Enters., Inc. v. Saunders, 453 So. 2d 161, 163 (Fla. 1st DCA 1984); see also Fla. Stat. § 440.02(25) (In Florida, a "'[s]ole proprietor' means a natural person who owns a form of business in which that person owns all the assets of the business and is solely liable for all the debts of the business."). An injunction against Village Tax, then, is the same thing as an injunction against Agenord herself. And, as we explain below, the evidence established that an injunction against Agenord was proper.

(1) that an income tax return preparer has—

(A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title, [or]

. . . .

(D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and

(2) that injunctive relief is appropriate to prevent the recurrence of such conduct,

the court may enjoin such person from further engaging in such conduct. If the court finds that an income tax return preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as an income tax return preparer.

26 U.S.C. § 7407(b). Therefore, three things have to be proven before issuing an injunction under section 7407: "first, the defendant must be a tax preparer; second, the conduct complained of must fall within one of the four areas of proscribed conduct, [section] 7407(b)(1); and third, the court must find that an injunction is 'appropriate to prevent the recurrence' of the proscribed conduct, [section] 7407(b)(2)." Ernst & Whinney, 735 F.2d at 1303. If the court finds that the defendant has continually or repeatedly engaged in unlawful conduct and that a narrow injunction against that conduct will not be enough to stop the defendant from

6

further interfering with the proper administration of the Internal Revenue Code, then the court may enjoin the defendant from preparing all federal income tax returns.

The district court found that a permanent injunction against the defendants from further tax preparation was warranted under section 7407. First, the district court found that the defendants were "tax return preparer[s]." As "tax return preparer[s]," the defendants prepared tax returns for compensation, owned and operated tax preparation businesses, and hired and trained employees. See U.S.C. § 7701(a)(36). Second, the district court determined that the defendants: (1) prepared tax returns containing incorrect credits and deductions, in violation of 26 U.S.C. section 6694(a) and (b); (2) failed to give their customers complete copies of tax returns, in violation of 26 U.S.C. sections 6107(a) and 6695(a), (c); (3) failed to identify themselves by their pin numbers, in violation of 26 U.S.C. sections 6109(a)(4) and 6695(c); and (4) concealed their fees from their customers. See U.S.C. § 7407(b)(1)(A) and (D). Third, the district court found that, based on the totality of circumstances, injunctive relief was necessary to prevent the recurrence of such conduct. And fourth, the defendants "repeatedly and continually" engaged in prohibited conduct listed in section 7407(b)(1) over the course of six years. Based on the "history of the defendants' actions" and their "longstanding[,] repeated[,] and flagrant disregard for the law," a narrower injunction would not work, the district court concluded, because the defendants would continue to violate the tax laws.

7

*Section 7408*

Under section 7408, if the court finds:

> (1) that the person has engaged in any specified conduct, and
>
> (2) that injunctive relief is appropriate to prevent recurrence of such conduct,

the court may enjoin such person from engaging in such conduct or in any other activity subject to penalty under this title.

26 U.S.C. § 7408(b).  Section 7408's "scope of prohibitable conduct is broad, and should be construed towards achieving [its] purpose . . . to penalize promoters of abusive tax shelters and other abusive tax avoidance schemes."  United States v. Stover, 650 F.3d 1099, 1112 (8th Cir. 2011) (internal quotation marks and citations omitted).

As relevant here, "specified conduct" is "any action, or failure to take action," which is subject to penalty under section 6701.  26 U.S.C. § 7408(c)(1).  Section 6701(a) imposes a penalty on any person who knowingly aids and abets others in underreporting their tax liability.  26 U.S.C. § 6701(a).  The penalty applies regardless of whether the person committed the act himself, "order[ed] (or otherwise caus[ed]) a subordinate to do [the] act," or "kn[ew] of, and [did] not attempt[] to prevent, participation by a subordinate in [the] act."  See id. § 6701(a) and (c).

The district court found that the defendants "clearly" violated section 6701 through their actions and the actions of their employees:

[T]he defendants aided, assisted[,] and prepared returns that created erroneous deductions, false education expenses, fuel excise tax credits, among others. These actions were intended to and did illegally boost customer refunds from which the defendants profited. Because these false claims reduced customer's tax liability they related to a material matter. . . . [A]s both defendants testified to, they knew the actions would understate their customers' liabilities, that it would inflate their refunds and would lead to higher fees for them because of the sheer volume. The testimony of the witnesses, including all the customers who testified demonstrated—even the defendants' own testimony demonstrated—the defendants knew precisely what they were doing.

And based on the recurrent nature of the defendants' violations of section 6701, the district court determined that a permanent injunction barring the defendants "from all activities related to tax preparation for others" was warranted under section 7408.

*Agenord Repeatedly Violated the Tax Code*

Against this background, we reject Agenord's argument that the district court wrongfully attributed Simon's actions to her.[4] There is substantial evidence in the record that Agenord, by herself, falsely claimed credits and deductions. Agenord admitted that in 2012 and 2013 she underreported "a number of tax returns" by

---

[4] Agenord also argues, for the first time in her reply brief, that the district court erred by not considering the four traditional equitable factors when it entered its injunction. Because she did not raise that argument before the district court and did not raise it in her initial brief, we will not consider it. See Leedford v. Peeples, 657 F.3d 1222, 1258 (11th Cir. 2011) (Generally, "we do not consider arguments raised for the first time on appeal."); Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief."). Even if we did, "[b]ecause section 7408 expressly authorizes the issuance of an injunction, the traditional requirements for equitable relief need not be satisfied." United States v. Gleason, 432 F.3d 678, 682 (6th Cir. 2005); see also Ernst & Whinney, 735 F.2d at 1301–03 (stating that, while the "traditional factors" of equitable relief apply to section 7402(a), an injunction under section 7407 is governed by its statutory requirements).

wrongfully claiming fuel tax and education credits.  Simon testified that in those same years Agenord prepared his personal returns which falsely listed items of deduction.   An IRS agent testified that Agenord, while working for Simon Accounting, prepared and filed "[a] large amount of false . . . tax returns that required adjustments."  A client of Simon Accounting, Jean Alexis, testified that Agenord completed his tax return for 2017 using a fictitious educational expense and student loan interest deductions.  While preparing Alexis's return, Agenord never discussed with Alexis whether he had attended school or had paid money to attend school for the 2017 tax year.  In fact, Alexis said he never had a student loan and paid for his past schooling in cash.  Alexis stated that any figure that represented a tax deduction for an educational expense or student loan interest was false.   Further, the defendants—including Agenord—stipulated that they falsely claimed fuel excise tax credits on over one-hundred returns for customers in 2017.  The evidence shows that Agenord repeatedly underreported taxes.

*Simon Repeatedly Violated the Tax Code Warranting a Broad Injunction*

Similarly, Simon's argument—that the district court should have issued him a narrower injunction—lacks merit.  Under section 7408(b)(2), before a court may enjoin a defendant from engaging in "[certain prohibited] conduct or in any other activity," it must first find "that injunctive relief is appropriate to prevent recurrence of such conduct."  26 U.S.C. § 7408(b)(2).  Courts have taken a totality-of-the-

10

circumstances approach in making this determination.  Stover, 650 F.3d at 1112.

The following factors are relevant to this inquiry: (1) the gravity of the harm caused

by the offense; (2) the extent of the defendant's participation; (3) the defendant's

degree of scienter; (4) the isolated or recurrent nature of the infraction; (5) the

defendant's recognition (or non-recognition) of his own culpability; and (6) the

likelihood that the defendant's occupation would place him in a position where

future violations could be anticipated.  See id.; Gleason, 432 F.3d at 683; United

States v. Estate Pres. Servs., 202 F.3d 1093, 1105 (9th Cir. 2000); United States v.

Kaun, 827 F.2d 1144, 1149–50 (7th Cir. 1987).

Here, the evidence showed that: Simon caused the loss of millions in tax

revenue; as the return preparer and owner of Simon Accounting, he was responsible

for filing false returns; he willfully claimed credits and deductions that he knew were

false; he filed false returns for more than six years (2012-2019); and he has continued

to deny culpability and, even at trial, was shifting the blame to his clients.  We agree

with the district court that the fact that Simon filed false returns for more than six

years, even after being told that the deductions were unsupported, made it more

likely than not that Simon would repeat his conduct if he was allowed to prepare

returns.  See United States v. Hartshorn, 751 F.3d 1194, 1198 (10th Cir. 2014) ("For

injunctive relief to be warranted under [section] 7408, the government was required

to prove by a preponderance of the evidence that . . . an injunction was necessary to

11

prevent recurrence of [unlawful] conduct.").  In light of the "broad" scope of prohibitable conduct under section 7408, <u>Stover</u>, 650 F.3d at 1112, the district court acted within its discretion to permanently enjoin Simon from preparing federal income tax returns.  <u>See</u> 26 U.S.C. § 7408(b) (Once a court finds that a person has engaged in unlawful conduct and injunctive relief is necessary to prevent recurrence of such conduct, it "may enjoin [that] person from engaging in such conduct or in any other activity subject to penalty under this title.").

**AFFIRMED IN PART AND DISMISSED IN PART.**